UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERGIY KURDYUKOV, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 07-1060 (RBW) |
| ) | (ECF) |
| DRUG ENFORCEMENT ADMIN., ) | |
| U.S. Department of Justice, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant, United States Department of Justice, Drug Enforcement Administration ("DEA" or the "Agency"), through and by undersigned counsel, hereby submits this Motion to Dismiss or in the Alternative for Summary Judgment pursuant to Rule12(b)(1) and 12(b)(6), or alternatively Rule 56 of the Federal Rules of Civil Procedure, on the grounds that the Court lacks jurisdiction or that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of Defendant's motion will be accepted by the Court as true unless the Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the Defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit

affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support and accompanying Statement of Material Facts Not In Genuine Dispute. A proposed Order consistent with this Motion is attached hereto.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
202-305-4851

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SERGIY KURDYUKOV,        ) | |
|          **Plaintiff,**    ) | |
|     **v.**                      ) | |
|                         ) | **Civil Action No. 07-1060 (RBW)** |
|                         ) | **(ECF)** |
| DRUG ENFORCEMENT ADMIN.,       ) | |
| U.S. Department of Justice,         ) | |
|                         ) | |
|          **Defendant.**    ) | |
|                         ) | |
| _____ ) | |

**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LCvR 7(h), Defendant hereby submits the following statement.

1. Plaintiff submitted a Freedom of Information Act request, dated December 27, 2006, to the DEA's Freedom of Information Division, Department of Justice ("DOJ"). In his letter, Plaintiff stated that he requested "a fee waiver or at least a fee reduction, however, in the event you deny this request foe [sic] waiver I hereby agree to pay the fees for search and duplication." See Exhibit A attached to the Declaration of William C. Little, Jr. ("Little Decl.").

2. In his FOIA request, Plaintiff sought "all records concerning himself, the Motor Vessel China Breeze ("China Breeze"), and a third party, Nikolaos Zervos, whom the Plaintiff alleged was a DEA confidential informant. In his request, the Plaintiff provided his criminal case number. Little Decl. ¶ 13.

3. On or about January 18, 2007, the DEA acknowledged the Plaintiff's request and informed him that it had not yet assigned a FOIA/PA number since the FOIA office was backlogged. Little Decl. ¶ 14 and Exhibit B, as well as Plaintiff's Statement of Claim

("Compl."), p. 6.[1]

4.  The letter also advised the Plaintiff that a request number would be provided to him within 30 to 45 days.  Id.

5.  By letter dated February 1, 2007, the Plaintiff appealed a lack of response from DEA to the DOJ, Office of information and Privacy (OIP).  Little Decl., ¶ 15 and Exhibit C; Compl. p. 6.

6.  By letter dated March 7, 2007, OIP informed the Plaintiff that it was forwarding his letter to DEA, since DOJ provides for an administrative appeal only after there has been an adverse determination by a component.  Little Decl. ¶ 16 and Exhibit D, Compl. p. 6.

7.  By letter dated March 29, 2007, DEA informed the Plaintiff that his request for information about himself and China Breeze has been assigned DEA FOIA number 07-0491-P. Little Decl. ¶ 17 and Exhibit E.

8.  Further, DEA enclosed a DOJ Certificate of Identity, Form 361 for the Plaintiff's use. DEA denied the Plaintiff's request for a fee waiver, and noted that by filing his request Plaintiff had agreed to pay fees up to $25.00.  Id.

9.  DEA received the Plaintiff's completed Certificate of Identity on or about April 17, 2007.  Little Decl. ¶ 18 and Exhibit F.

10.  By letter dated June 20, 2007, DEA acknowledged receipt of the Certificate of Identity, and informed the Plaintiff that upon completion of the initial search and/or processing, he would be notified of all applicable fees, and the payment would be required prior to release of any records.  Little Decl. ¶ 19 and Exhibit G.

---

[1.]  The page numbers referenced are to the hand-written numbers on the upper right hand corner of the pages of the Complaint in this matter.

11.  By letter dated July 9, 2007, DEA informed Plaintiff that a search of its records concerning himself and China Breeze had been conducted, and that 22 investigative files were identified.  DEA further informed the Plaintiff that each of the 22 Headquarters files had a corresponding file in the field, and that the estimated fee for search of the 44 files was $3,696.00.  Little Decl. ¶ 20 and Exhibit H.

12.  DEA also stated that, if the fees were not received within 60 days, his request would be administratively closed.  DEA again denied the Plaintiff's request for a fee waiver.  Id.

13.  As of close of business on Friday, September 21, the DEA had received no further response from the Plaintiff concerning his request.  Little Decl. ¶ 21.

14.  As of close of business on Friday, September 21, there was no record of an appeal to OIP of the DEA fee waiver denial or the assessment of the estimated fee.  Little Decl. ¶ 22.

15.  By letter dated March 20, 2007, the DEA assigned, to the portion of Plaintiff's request that indicated he wished to obtain documents related to a Nikolaos Zervos, FOIA request number 07-0492-F.  Little Decl. ¶ 23 and Exh. I.

16.  Via the March 20, 2007 letter, the Agency neither confirmed nor denied the existence of any records relating to a Nikolaos Zervos.  The Plaintiff was also informed that if he wished to receive information about a third party, that he would have to provide either proof of death or an original notarized authorization from the third party.  Id.

17.  As of close of business on Friday, September 21, 2007, the Agency had received no further correspondence from Plaintiff regarding Nikolaos Zervos, nor had the Plaintiff filed an appeal, on this issue, with OIP.  Little Decl. ¶¶ 24-25.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
202-305-4851

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SERGIY KURDYUKOV,                        )
                          Plaintiff,    )
       v.                              )
                               )    **Civil Action No. 07-1060 (RBW)**
                               )    **(ECF)**
DRUG ENFORCEMENT ADMIN.,                 )
U.S. Department of Justice,              )
                             )
                   Defendant.    )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff initiated this Freedom of Information Act ("FOIA") action, against the DEA,

seeking all records concerning himself, the Motor Vessel China Breeze ("China Breeze"), and a

third party, Nikoloas Zervos, whom the Plaintiff alleged was a DEA confidential informant.

Compl. p. 6. The Plaintiff alleges that the Agency has improperly withheld the records that he

seeks. <u>See</u> Compl p. 6.[2] After the exchange of additional correspondence with the Plaintiff, the

DEA located certain documents and duly notified Plaintiff of this development via letter dated

July 9, 2007. Little Decl. ¶¶ 14-20 and 23 and Exh. H. The Plaintiff cannot deny however, that

he agreed to pay for related search and copying fees, (<u>see</u> Exh. A), which he has not done to

date. Little Decl. ¶ 21. Further, Plaintiff has not appealed the Agency's finding that a fee waiver

is inapplicable and that additional documentation is necessary to obtain information on third

parties, to DOJ's Office of Information and Privacy ("OIP"). Little Decl. ¶ 22. Accordingly, the

DEA is entitled to judgment as a matter of law.

---

[2] Plaintiff initially filed the complaint for Violation of Civil Rights, under the Civil
Rights Act, 42 U.S.C. 1983. The proper designation is Freedom of Information Act ("FOIA").

## STATEMENT OF FACTS

Defendant hereby incorporates the Statement of Material Facts Not In Genuine Dispute,
filed contemporaneously with this Memorandum.

## ARGUMENT

**I.  Standard of Review**

**A.  Lack of Jurisdiction**

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P.
12(b)(1), the Court "must accept as true all material allegations of the complaint, and must
construe the complaint in favor of the complaining party."  Warth v. Seldin, 422 U.S. 490, 501
(1975).  Where a motion to dismiss, however, presents a dispute over the factual basis for the
Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of
fact the resolution of which is necessary to a ruling upon the motion to dismiss."  Phoenix
Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).  "The plaintiff bears the
burden of persuasion to establish subject matter jurisdiction by a preponderance of the
evidence."  Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19
(D.D.C.1998).

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court
must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause
of action.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court must accept all well-pleaded
facts as true.  Doe v. United States Dept. of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985).
"However, the court need not accept inferences drawn by plaintiffs if such inferences are
unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions

cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). If, after reviewing the complaint, the Court finds "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. Conley, 355 U.S. 45-46. Generally Speaking, the Court should not consider matters beyond the pleadings without converting the motion for summary judgment. See Fed. R. Civ. P. 12(b)(6).

### B. Summary Judgment Standard

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence

in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d

4

738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001)

(summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits

"when the affidavits describe 'the documents and the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738

(D.C. Cir. 1981)).  See also McGehee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983), modified

on other grounds, 711 F.3d 1076 (D.C. Cir. 1983); Citizens Commission on Human Rights v.

FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1225, 1227 (9th Cir. 1991);

Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd

in part, 276 F.3d 634 (D.C. Cir. 2002).

## II.     Dismissal of this Action Is Warranted Because Plaintiff Has Failed to Exhaust the Administrative Remedies Prescribed by the FOIA

Pursuant to the FOIA, administrative remedies must be exhausted prior to seeking

judicial review.  See Oglesby v. United States Dept. of the Army, 920 F.2d 57, 61 (D.C. Cir.

1990).  Here, as demonstrated below, the undisputed facts establish that Plaintiff has not

exhausted his administrative remedies, which deprive this Court of subject matter jurisdiction, or

alternatively entitle the Agency to judgment as a matter of law.

Under pertinent regulations a FOIA requester must satisfy the prerequisites in order for

the Agency to process his or her request.  See 28 C.F.R. § 16.11(i)(4); Little Decl. ¶¶ 19-20.

Specifically, DOJ regulations, in accordance with the FOIA, provide that agency components

"shall charge for processing requests under the FOIA" and "ordinarily shall collect all applicable

fees before sending copies of requested records to a requester."  28 C.F.R. § 16.11(a).  When a

requester has failed to pay an assessed fee, he has failed to comply with a necessary administrative requirement of the FOIA and has thereby failed to exhaust his administrative remedies.  As the Court held in Trueblood v. United States Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996), a plaintiff must exhaust his administrative remedies by paying any applicable fees as "a condition precedent to judicial review of a FOIA suit."  Accord Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C. Cir. 1985) (noting that "exhaustion of [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review."); see also Center to Prevent Handgun Violence v. Department of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997) (finding that requester failed to exhaust administrative remedies by not paying assessed fee), appeal dismissed, No. 97-5357 (D.C. Cir. Feb. 26, 1997).

Moreover, a FOIA plaintiff is not relieved of his obligation to pay the assessed fee because he has subsequently filed a FOIA lawsuit.  See Pollack v. Dept. of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995) (holding that commencement of a FOIA action does not relieve requester of obligation to pay fees).  Indeed, exhaustion of administrative remedies does not occur until the outstanding fees are paid.  See Trueblood, 943 F. Supp. at 67; see also Oglesby, 920 F.2d at 66 (holding that exhaustion of administrative remedies occurs when "the required fees are paid or an appeal is taken from the refusal to pay fees").

A FOIA lawsuit "is subject to dismissal for lack of subject matter jurisdiction if [the plaintiff] fails to exhaust all administrative remedies."  Trueblood, 943 F. Supp. at 67; see also Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence, 981 F. Supp. at 23; Crooker v. United States Secret Serv., 577 F.

Supp. 1218, 1219 (D.D.C. 1983).  Indeed, "strict enforcement of the exhaustion doctrine is

favored in FOIA cases."  Center to Prevent Handgun Violence, 981 F. Supp. at 23.  Plaintiff's

failure to pay the assessed fee is therefore fatal to his claim.  As the Court has concluded in a

similar case:

> In a FOIA case, exhaustion of administrative remedies is a condition
> precedent to judicial review.  Stebbins v. Nationwide Mutual Insurance, 757
> F.2d 364, 366 (D.C. Cir. 1985).  Thus, a plaintiff's FOIA claims are subject to
> dismissal for lack of subject matter jurisdiction if he fails to exhaust
> administrative remedies.  Dettmann v. U.S. Department of Justice, 802 F.2d
> 1472, 1477 (D.C. Cir. 1986).  Exhaustion of administrative remedies does not
> occur until the required fees are paid or an appeal is taken from the
> government's refusal to waive fees.  Oglesby v. U.S. Department of Army,
> 920 F.2d 57, 66 (D.C. Cir. 1990); Trueblood v. U.S. Department of the
> Treasury, 943 F.Supp. 64, 68-69 (D.D.C. 1996).  In support of its motion for
> summary judgment, the government argues that the Court lacks jurisdiction
> because Jeanes failed to pay the assessed search fees and also failed to appeal
> the denial of his request for a fee waiver.  Jeanes responds that this Court has
> subject matter jurisdiction because he constructively exhausted his
> administrative remedies when the agency did not respond to his request
> within the statutory period, and then only notified him of the estimated fees
> for processing his request after he had already filed suit.  Moreover, Jeanes
> asserts that after the government filed its motion for summary judgment, he
> attempted to pay the estimated fees, but was unable to do so.
>
> The Court finds that it lacks subject matter jurisdiction over this action because there is
> no evidence in the record that Jeanes has properly paid the fees assessed by the agency
> to process his request.

Jeanes v. U.S. Department of Justice, 357 F. Supp. 2d 119, 122-23 (D.D.C. 2004).  This same

conclusion applies to the instant action, where Plaintiff has failed to pay the requisite fees.

Here, Plaintiff initially requested a fee waiver or reduction, but also indicated that in

the event of a denial of his request, he was willing to pay necessary fees, while retaining his right

to appeal the denial.  See Exh. A.  On or about June 20, 2007, the Agency informed Plaintiff that

upon completion of the initial search he would be notified of all applicable fees and payment

would be required prior to the release of any records. <u>See</u> Exh. G.  By letter dated July 9, 2007, the DEA advised Plaintiff that 44 investigative files had been identified as responsive to the request. <u>See</u> Exh. H.  The Agency also advised Plaintiff that his requests for a fee waiver was denied. <u>Id.</u>  Plaintiff was informed that he therefore must pay a search fee, in the amount of $3,696.00, within 60 days. <u>Id.</u>

To date, the Plaintiff has refused to respond to the DEA letters dated June 20, 2007 and July 9, 2007, informing Plaintiff that applicable fees would apply prior to release and that if stated fees were not received within 60 days his request would be administratively closed.  Little Decl. ¶¶ 14 - 20.  More specifically, Plaintiff has neither paid the fees nor has he appealed the Agency's finding, to OIP, that he must pay the required fee. <u>See</u> Little Decl. ¶¶ 20-22.

Plaintiff also disregarded the DEA's March 20, 2007 letter, wherein he was advised that he must submit either proof of death or an original notarized authorization from Mr. Nikolaos Zervos, a third party, in order to receive any related documents, if such information actually exists in the Agency's system of records. <u>Id.</u> ¶¶ 23-25. <u>See</u> Exh. I.  Plaintiff had neither provided requested documentation nor had appealed the Agency's determination in a timely manner. Id. ¶ 25.  Therefore, Plaintiff cannot deny that he has failed to exhaust his administrative remedies pursuant to the  regulations. <u>See</u> 28 C.F.R. § 16.11(i)(4).  Accordingly, Defendant respectfully submits that the Court lacks jurisdiction in this lawsuit and that dismissal of Plaintiff's complaint is appropriate or alternatively that the Agency is entitled to judgment as a matter of law.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Agency's Motion to Dismiss should be granted and

Plaintiff's complaint should be dismissed or alternatively, summary judgment should be entered

in the Agency's favor.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
202-305-4851

Dated: September 24, 2007.

9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion to Dismiss or in the Alternative For Summary Judgment; and all accompanying documents, including the proposed Order, have been made by mailing copies thereof to:

SERGIY KURDYUKOV
83817-079
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

on this 24th day of September, 2007.

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
202-305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERGIY KURDYUKOV,                    )
                                     )
              Plaintiff,             )
         v.                          )
                                     )        Civil Action No. 07-1060 (RBW)
                                     )
U.S. DEPARTMENT OF JUSTICE,          )
DRUG ENFORCEMENT ADMIN.,             )
                                     )
_____ Defendant. )

DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury

pursuant to 28 U.S.C. § 1746.   The subject of this declaration and the statements set forth herein

are true and correct either on the basis of my personal knowledge or on the basis of information

acquired by me through the performance of my official duties.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of

Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice

(DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief

Counsel, Administrative Law Section.

3.  Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party.  I have served in this capacity since about April 26, 1999.  In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4.  As an attorney, I have been involved in FOI/PA since 1994.  I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5.  I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6.  Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7.   I prepare, and review and supervise the preparation of affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on

2

issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is an interested party.

8. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and the maintenance of Privacy Act Systems of Records. The support also included the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA. In addition, I adjudicated Requests for Amendment of Records submitted to DEA, under the Privacy Act.

9. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Freedom of Information Act.

10.   In preparing this declaration, I read and became familiar with the complaint in the above captioned action. Also, I personally conducted a litigation review of the contents of the file and records maintained by the DEA Freedom of Information Operations Unit (SARO).

11.   SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

3

12. The contents of the SARO files include the results of the NADDIS query conducted on January 26, 2007, incoming and outgoing correspondence, notes and memoranda documenting the actions taken related to the processing of the request.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

13. By letter dated December 27, 2006, the plaintiff requested a search of all records concerning himself, the Motor Vessel China Breeze (hereafter referred to as "China Breeze"), and a third party, Nikolaos Zervos, whom the plaintiff alleged was a DEA Confidential Informant. The plaintiff also cited his criminal case number. A copy of the plaintiff's letter dated December 27, 2006, is attached as Exhibit A.

14. By letter dated January 18, 2007, DEA acknowledged the plaintiff's request and informed him that it had not yet been assigned a FOIA/PA number, since the FOIA office was backlogged. DEA informed the plaintiff that a request number would be provided to him within 30 - 45 days. A copy of the DEA letter dated January 18, 2007, is attached as Exhibit B.

15. By letter dated February 1, 2007, the plaintiff appealed a lack of response from DEA to the Department of Justice (DOJ), Office of Information and Privacy (OIP). A copy of Plaintiff's February 1, 2007, letter is attached as Exhibit C.

4

16. By letter dated March 7, 2007, OIP informed the plaintiff that it was forwarding his letter to DEA, since DOJ provides for an administrative appeal only after there has been an adverse determination by a component. A copy of the OIP letter dated March 7, 2007, is attached as Exhibit D.

17. By letter dated March 29, 2007, DEA informed the plaintiff that his request for information about himself and China Breeze had been assigned DEA FOIA Request number 07-0491-P. DEA enclosed a DOJ Certificate of Identity, Form 361 for the plaintiff's use. DEA denied the plaintiff's request for a fee waiver, and stated that by filing his request he agreed to pay fees up to $25.00. A copy of the DEA letter dated March 29, 2007, is attached as Exhibit E.

## DEA FOIA REQUEST No. 07-0491-P

18. DEA received the plaintiff's completed Certificate of Identity on or about April 17, 2007. A copy of the certificate of identity is attached as Exhibit F.

19. By letter dated June 20, 2007, DEA acknowledged receipt of the Certificate of Identity, and informed the plaintiff that, upon completion of the initial search and/or processing, he would be notified of all applicable fees and that payment would be required prior to release of any records. A copy of the DEA letter dated June 20, 2007, is attached as Exhibit G.

20.  By letter dated July 9, 2007, DEA informed the plaintiff that a search of its records concerning himself and China Breeze had been conducted, and that 22 investigative files were identified.  DEA further informed the plaintiff that each of the 22 Headquarters files had a corresponding file in the field, and that the estimated fee for search of the 44 files was $3,696.00.  DEA stated that, if the fees were not received within 60 days, his request would be administratively closed.  DEA again denied the plaintiff's request for a fee waiver.  A copy of the DEA letter dated July 9, 2007, is attached as Exhibit H.

21.  As of this date, DEA has received no further response from the plaintiff concerning his request for information about himself.

22.  As of this date, there is no record of an appeal to OIP of the DEA fee waiver denial or the assessment of the estimated fee.

## DEA FOIA REQUEST No. 07-0492-F

23.  By letter dated March 20, 2007, DEA neither confirmed nor denied the existence of any requested records concerning Nikolaos Zervos, in response to the plaintiff's request for all documents regarding the Nikolaos Zervos.  DEA further informed the plaintiff that if he wished to receive information about a third party, it would be necessary for him to provide either proof of death or an original notarized authorization (privacy waiver) from the third party.  DEA also informed the plaintiff that without proof of death or a privacy waiver, to confirm the existence of

6

law enforcement records or information about another person is considered an unwarranted invasion of personal privacy, and such records would be exempt pursuant to FOIA exemptions (b)(6) and/or (b)(7)(C).  A copy of the DEA letter dated March 20, 2007, is attached as Exhibit I.

24.  As of this date, DEA has received no further correspondence from the plaintiff regarding his request for information about Nikolaos Zervos.

25.  As of this date, there is no record of an appeal to OIP regarding the DEA denial of records pertaining to Nikolaos Zervos.


      I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Sept 21, 2007
_____
DATE

_____
William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C.  20537

# EXHIBIT A

# Sergiy KURDYUKOV

**#83817-079, FCI Fort Dix, P.O.Box 7000, Fort Dix, NJ 08640 (U.S.A.)**

Drug Enforcement Administration
Chief,
Freedom of Information Division
Department of Justice
1405 Eye Street, N.W.
Washington, D.C. 20537

December 27, 2006

RE:    **FREEDOM OF INFORMATION / PRIVACY ACT REQUEST**
        United States District Court
        Southern District of Texas
        Houston Division
        Criminal Case No. H-99CR371

       I, Sergiy KURDYUKOV, born February 24, 1961 in Zaporozmie, Ukraine, presently resident at the above mentioned address, hereby request copies of the following documents, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. If for any reason you chose not to send me any of the documents or papers requested then please furnish me with a *Vaughn Index* as set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir., 1973).

       I am requesting all records, documents, and information you have in your files pertaining to me or mentioning my name, the Motor Vessel "CHINA BREEZE" registered in Panama, and the Confidential Informant (CI) Nikolaos ZERVOS. 3rd party
       I am particularly requesting:
          (1) All the documents regarding the date that Mr. Nikolaos ZERVOS commenced his cooperation with the D.E.A agents.
          (2) The exact remuneration or benefice that Mr. Nikolaos ZERVOS received for his services in the above-mentioned criminal case.
          (3) All the declaration of Mr. Nikolaos ZERVOS to the law enforcement agents regarding the above-mentioned criminal case.

       Please consider this is a first-party request under the FOIA, 5 U.S.C. § 552, and as a Privacy Act request, 5 U.S.C. § 552a also.

       In the event that some of the material is considered by you to be exempt from disclosure under both Acts, then please include all segregable portions of documents and the specific exemption you are relying upon to deny disclosure of the excised portions. Please note that in order to avoid disclosure you must claim an appropriate exemption under both Acts.

       I am requesting that you abide by the statutory time within which to make a determination on this request, that being ten (10) working days from your receipt under Section 552(a) (6)(A)(i).

       I request a fee waiver or at least a fee reduction, however, in the event you deny this request foe waiver I hereby agree to pay the fees for search and duplication while retaining my

Sergiy ɴURDYUKOV
Drug Enforcement Administration
December 27, 2006
Page 2.

right to appeal your denial of waiver. The information requested will not be used for any commercial purpose.

I, Sergiy KURDYUKOV hereby swear under the penalty of perjury that I am requesting all the above information and documents for my personal use.

On this 27 day of December 2006
State of New Jersey
County of Burlington

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared known to me the person whose name is subscribed above and, being by me first duly sworn, declared that the information above is true and correct.

Given under my hand and seal of office this 27 day of December 2006.

NOTARY PUBLIC

SHELBY E. DUNCAN
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/26/2011

My commission expires: _____

# EXHIBIT B



**U.S. Department of Justice**

Drug Enforcement Administration

---

January 18, 2007

**Subject of Request:  Kurdyukov, Sergiy**

Sergiy Kurdyukov #83817-079
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

Dear Sergiy Kurdyukov:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request.

Your request has not yet been assigned a FOIA/PA number.  Our office is currently experiencing a resource transition and has been extremely backlogged.  Thank you in advance for your patience and understanding.

Please be assured that your request will be handled as equitably as possible.  A request number will be assigned and forwarded to you at a later date; however your request will be handled in chronological order based on the date of this letter.

You will receive correspondence from this office regarding your request within 30 - 45 days. If you have any questions regarding this letter, you may contact Mrs. Phyllis Drewery, Supervisor of our Initial Review Team (INT) on 202-307-7618.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

99 68

# EXHIBIT C

*2/8/07*

*07-0491 FOIA*
*Failure (A)*
*DEA*
*Fee waiver*
*#07-0491P still pend.*

# Sergiy KURDYUKOV *app.*

Reg. No. 83817-079, Unit 5803, FCI Fort Dix, P.O.Box 7000, Fort Dix, NJ 08640

U.S. Department of Justice
Office of Information and Privacy
Suite 570, Flag Bldg.
Washington, D.C. 20530

February 1, 2007

*No req. no. listed*

RE: FOIA/PRIVACY ACT APPEAL, DENIAL OF ACCESS
PURSUANT TO 5 U.S.C. § 552a (6); and 5 U.S.C. § 552a

Dear Sir/Madam,

This is an appeal from the denial of records by the Drug Enforcement Agency (DEA), as noted in the attached request for the following reasons and facts:

1. On December 27, 2006, I mailed a request for records to the DEA, in certified mail, return receipt requested. This request was received by the DEA on January 4, 2007. A copy of that request is attached to this appeal. I have not received any responsive records, nor have I received a determination on my request.
2. The DEA has failed to comply with the provisions of the Freedom of Information Act/Privacy regarding release of records.
3. The DEA has exceeded the statutory time limits for providing the records requested.

Therefore, and for the above reasons and facts, it is evident that the DEA has denied me access to records and documents to which I am entitled under the statutes. This appeal is being submitted in good faith attempt to obtain compliance by the DEA to the statutory provisions of the FOIA/PA regarding disclosure and to avoid the costs of litigation.

Please instruct the DEA to furnish the records as requested. I would also appreciate your compliance with Section 552a (6) (A) (ii) regarding the response time to this appeal.

Respectfully submitted,

Sergiy Kurdyukov

OFFICE OF INFORMATION
AND PRIVACY

FEB 0 8 2007

RECEIVED

# EXHIBIT D

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                 _Washington, D.C. 20530_

**MAR - 7 2007**

Mr. Sergiy Kurdyukov
Register No. 83817-079
Federal Correctional Institution          Re:    Appeal No. 07-0637
Post Office Box 7000                              Request No. 07-0491-P
Fort Dix, NJ 08640                                JTR:CIH

Dear Mr. Kurdyukov:

    You attempted to appeal from the failure of the Drug Enforcement Administration to respond to your request for access to records pertaining to you, to Nikolaos Zervos, and to "China Breeze."

    Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2006). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

    I have forwarded your letter to DEA. You may also wish to contact it directly and inquire about the status of your request. You may appeal any future adverse determination made by DEA.

                              Sincerely,

                              Janice Galli McLeod
                              Associate Director

# EXHIBIT E

U.S. Department of Justice

Drug Enforcement Administration

MAR 2 9 2007

---

*Case Number: 07-0491-P*

*Subject of Request: KURDYUKOV, SERGIY AND MOTOR VESSEL "CHINA BREEZE"*

Sergiy Kurdyukov
Reg. No. 83817-079
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ  08640

Dear Sergiy Kurdyukov:

This is in response to your Freedom of Information/Privacy Act (FOI/PA) request letter dated December 27, 2006, addressed to the Drug Enforcement Administration (DEA), seeking access to DEA records pertaining to the above captioned subject. This request is considered a "First/Party/Self" request for records pertaining to you and the Motor Vessel "China Breeze" registered in Panama. Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

We regret the delay in responding to your initial request. We are at this time experiencing a large backlogging of incoming FOI/PA requests that has impacted our response time to the public. However, this matter has not impacted the quality of our service and our dedication to the public at large, including your request.

After reviewing your request as submitted, we have decided to separate your request into two requests. Again, this request will address DEA records pertaining to only the above subject. We will address the second portion of your request related to third party information under DEA FOIA Request Number 07-0492-F.

In regard to your Criminal/Case Court Docket Number: **H-99CR371, (S.D. Texas)**,  please be advised that the DEA does not index its investigative records using criminal/case court docket numbers. In general, our investigative files are maintained and retrieved by general file references or file numbers assigned by this Agency. We only maintain records pertaining to your criminal investigation if the DEA participated in that investigation. Unfortunately, we are unable to respond to this portion of your request.

Further, before our office can proceed with processing your request, it will be necessary for you to complete the enclosed Department of Justice (DOJ), Certificate of Identity, Form 361, to ensure that the information you have requested is only released to you. Also, your personal identifiers will assist our office in conducting a search for responsive records maintained in the DEA system of records.

2

We have reviewed your request for a waiver/reduction of fees, and based on all available information, you have not met the requirements for a waiver of fees as stipulated in 28 C.F.R. § 16.11, therefore, your request for a waiver of fees is **denied**.

The statutory fee waiver standard as amended in 1986 contains two basic requirements: (1) the public interest requirement, and (2) the requirement that the requester's commercial interest in the disclosure, if any, be less than the public interest in it. Please note that the requester bears the burden of satisfying both requirements. In this instance, you have not provided enough details to support your request for a waiver of fees. Your request as constituted appears to be of a personal nature as the records you seek pertain to your criminal investigation.

This letter confirms your obligation as indicated in your request letter (if your request for a fee waiver was denied), that by filing your request, you have agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00. For purposes of assessing fees, your request has been categorized as *"all others"* in which you will be afforded two (2) hours of search and 100 pages of duplication at no charge. You will be responsible for all other fees incurred beyond the above threshold. If fees are required, we will notify you at a later date of the amount of fees due prior to the processing of this request.

To this end, no further action will be taken regarding this request, until we are in receipt of the documentation requested above. Please forward your response to the following address:

> Drug Enforcement Administration
> Freedom of Information Section
> Washington, D.C. 20537

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosure

# EXHIBIT F

07-0491-P

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

**Public reporting burden** for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

**Full Name of Requester** [1]    SERGIY   KURDYUKOV

**Current Address**    FCI FORT DIX, P.O. BOX 2000, FORT DIX, NJ 08640

**Date of Birth**    FEBRUARY 24, 1961

**Place of Birth**    ZAPOROZHIE; (UKRAINE)

**Social Security Number** [2]    N/A

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [3] _____    **Date** 4/23/2007

Original

**Optional: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/92

FORM DOJ-361
FEB. 93

# EXHIBIT G

**U.S. Departmen. .f Justice**

Drug Enforcement Administration

JUN 2 0 2007

**Case Number: 07-0491-P**

**Subject of Request: KURDYUKOV, SERGIY AND MOTOR VESSEL "CHINA BREEZE"**

Sergiy Kurdyukov
Reg. No. 83817-079
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Dear Sergiy Kurdyukov:

The Drug Enforcement Administration (DEA) has received your Certification of Identity form DOJ-361.

We have constituted your request as a "*Self/First Party*" request. Accordingly, we have reopened your request and placed it on a list of requests waiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation, as stated in your original request letter dated December 27, 2006, that you agreed to pay all applicable fees charged under 28 C.F.R. 16.11.

Please be assured that your request is being handled as equitably as possible. Upon completion of the initial search and/or processing, you will be notified of all applicable fees, *and payment will be required prior to release of any records*. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

99, bf

# EXHIBIT H



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
FOI Operations Unit

---

www.dea.gov                                            JUL  9   2007

*Case Number: 07-0491-P*

*Subject of Request: KURDYUKOV, SERGIY AND MOTOR VESSEL "CHINA BREEZE"*

Sergiy Kurdyukov
Reg. No. 83817-079
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Dear Sergiy Kurdyukov:

  This letter is written in further response to your Freedom of Information/Privacy Act (FOIA), 5 U.S.C. § 552 and 5 U.S.C. § 552a, request dated December 27, 2006, to which I initially responded by letter dated January 18, 2007 and March 29, 2007. Your request was interpreted as a request for criminal investigative information in which you and/or M/V CHINA BREEZE were mentioned. Based upon your request, a preliminary query was conducted using your name and M/V China Breeze, the result of which was that 22 investigative case files were identified.

  Of the 22 investigative case files identified in which your name or M/V CHINA BREEZE is mentioned, DEA maintains a Headquarters and a corresponding file in the field. Each referenced headquarters file takes approximately two (2) hours to hand search. Each referenced field file takes approximately four (4) hours to hand search. The fee for search is at the rate of $28.00 per hour. Therefore, the estimated fee to search 44 DEA investigative case files at $28.00 per hour is $3,696.00. Under Department of Justice (DOJ) Agency Rules contained at 28 CFR § 16.11, you are required to pay the estimated fee before further work is performed. Please remit a check or money order made payable to the Treasury of the United States.

  Should you desire a full search of the Headquarters and the field files, please forward your check or money order. When your request is completed, a final exact bill will be sent to you. Failure to pay after notification of an agreement to pay will result in the strict enforcement of the Debt Collection Act of 1962, Pub. L.97-365. Be advised, that the fee is only an estimate. However, DEA **cannot** guarantee that any records will be made available to you. If the fees are not received within 60 days, we will assume that you no longer wish to obtain the requested informed and your request will be administratively closed.

  The amount of the actual cost may be less or can be reduced. You may reduce the cost by reformulating your request. There are several ways to accomplish this goal. You may elect to have

Sergiy Kurdyukov                                                    Page 2
July 9, 2007

only the Headquarters or field files searched. To a large extent the records contained in the Headquarters and field files are duplicates. However, there are records in the field file copies of which are not forwarded by the field for inclusion in the Headquarters file.

You may also limit the files to be searched to those in which you were a subject/defendant or related files, or the files established before or after a particular date. Of the three (3) files identified in which your name is mentioned, one (1) is designated Subject/Defendant and two (2) are related files. Subject/Defendant files are the investigative files in which there exists a DEA Personal History Report or a DEA Defendant Disposition Report in which you were the "named" individual, or in which your name was used as the file title or subject of the investigation. A related file is an investigative case file in which you are mentioned but no personal history or disposition report about you were included in the file. Because of overlap, 20 files contain information regarding the M/V CHINA BREEZE.

Finally, in your initial letter you requested a fee waiver or at least a fee reduction. You failed to provide any information to support your request. Under DOJ Agency Rules contained at 28 C.F.R. § 16.11(k), you must demonstrate that disclosure of the information is in the public interest because it is likely to contribute significantly to the public's understanding of the operations and activities of the government and the disclosure is not primarily in the commercial interest of the requester. Therefore, based upon your request as currently constituted, a fee waiver or fee reduction is denied.

If you construe this determination to be adverse you may wish to appeal. You may do so within 60 days from the date of this letter pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

                    DEPARTMENT OF JUSTICE
                    OFFICE OF INFORMATION AND PRIVACY
                    NYAV BLDG., 11th FLOOR
                    WASHINGTON, D.C. 20530


                              Sincerely,

                              Katherine L.

                              Katherine L. Myrick
                              Chief, Operations Unit
                              FOI/Records Management Section

# EXHIBIT I

**U.S. Department of Justice**

Drug Enforcement Administration

---

*Case Number: 07-0492-F*                                            MAR 2 0 2007

*Subject: INFORMATION ON A THIRD PARTY - ZERVOS, NIKOLAOS*

Sergiy Kurdyukov #83817-079
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ  08640

Dear Sergiy Kurdyukov:

This is in response to your Freedom of Information Act (FOIA) request letter dated December 27, 2006, seeking access to records pertaining to Mr. Nikolaos Zervos. Your request was opened and assigned the above request number.  Please include this number in any future correspondence addressed to this office.

We have completed our review of your request as constituted and the following is our initial determinations.  The Drug Enforcement Administration (DEA) will neither confirm nor deny the existence of any requested records on this individual.  Before DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) from that person.  For your convenience, we have enclosed two forms to assist you in meeting this requirement.

Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source.  Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA -- permitting the DEA to release personal information (about the person executing the waiver) from its files.  The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records.  In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

2

Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within sixty (60) days from the date of this letter, pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal":

    CO-DIRECTOR
    OFFICE OF INFORMATION AND PRIVACY
    NYAV BUILDING, 11TH FLOOR
    WASHINGTON, D.C. 20530

                Sincerely,

                Katherine L. Myrick
                Chief, Operations Unit
                FOI/Records Management Section

Enclosure

64

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SERGIY KURDYUKOV,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )     **Civil Action No. 07-1060 (RBW)** |
| | )     **(ECF)** |
| **DRUG ENFORCEMENT ADMIN.,** | ) |
| **U.S. Department of Justice,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____ | ) |

<u>ORDER</u>

Upon consideration of Defendant's Motion To Dismiss or in the Alternative for

Summary Judgment and the entire record herein, the Court is of the opinion and finds that, for

the reasons set forth by Defendant, Defendant's Motion To Dismiss motion should be granted.

Accordingly, it is this _____ day of _____, 2007,

ORDERED that Defendants' Motion To Dismiss be and is hereby GRANTED; and it is

and it is

FURTHER ORDERED that judgment be and is hereby rendered in favor of Defendant;

and this case is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

1