UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERGIY KURDYUKOV, )
      Plaintiff, )
)
Vs. ) Civil Action No. 07-1060 (RBW)
)
)
DRUG ENFORCEMENT ADMIN., )
U.S. Department of Justice, )
      Defendant. )
)

RECEIVED
OCT 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S REBUTTAL TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Plaintiff, Sergiy Kurdyukov, pro se, hereby respectfully submits his rebuttal to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, pursuant to Rule 12(b)(1) and 12(b)(6), or on the grounds that the Court lacks jurisdiction, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This rebuttal is supported by the Declaration of Sergiy Kurdyukov, attached to this pleading.

I. **This Court Has Jurisdiction.**

Plaintiff alleged sufficient facts in its Complaint to support his claim, which entitle him to relief according to the Statutes and the Federal Rules, as showed in his Declaration.

II. **Defendant's Motion for Summary Judgment Must be Denied.**

There exists a genuine dispute as to material fact in this action. Plaintiff made a sufficient showing in his Declaration to prove that he is entitled to relief, and that a reasonable jury would find in his favor. Defendant has not demonstrated

that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.

III. **Defendant's Motion to Dismiss Must be Denied, Because Plaintiff Exhausted The Administrative Remedies Prescribed by The Freedom Of Information Act (FOIA).**

This Court is not deprived of subject matter jurisdiction, or alternaltively entitle Defendant to judgment as a matter of law, because Plaintiff exhausted his administrative remedies prior to seeking judicial review, as demonstrated in his Declaration.

It is true that Plaintiff initially requested a fee waiver or reduction, and that he indicated that in the event of a denial of his request, he was willing to pay necessary fees, while retaining his right to appeal the denial.

However, because Defendant failed to timely confirm my agreement to pay fees under 28 CFR § 16.3(c), to timely provide an assigned request number for further reference pursuant to 28 CFR § 16.6(a), to timely make a determination on my request under 28 CFR § 16.5(c) and 5 U.S.C. § 552(a)(6)(B), and failed to set forth the "unusual circumstances" for an extension pursuant to 5 U.S.C. § 552(a)(6)(B)(iii), the statutes deem that the administrative remedies have been exhausted if the Defendant failed to comply with the applicable time limit provisions. See 5 U.S.C. §§ 552(a)(6)(C)(i) and (ii). Therefore, because the statutes applied as well to the Plaintiff as the Defendant, Plaintiff had to file his Complaint to avoid Defendant's dilatory proceeding that axiomatically renders an appeal

-2-

inapplicable. This procedure is unlawfull.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to dismiss should be denied and Plaintiff's complaint should proceed for trial.

Respectfully submitted,
this 24 day of October 2007.
By:

_____
Sergiy Kurdyukov, pro se
Reg. No. 83817-079
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a tue and correct copy of the foregoing "Plaintiff's Rebuttal to Defendant's Motion to Dismiss," and all accompanying documents, have been mailed, first-class, postage prepaid, this ___ day of October 2007, to: Jeffret A. Taylor, United States Attorney, Rudolph Contreras, Assistant United States Attorney, and Mercedeh Momeni, Assistant United States Attorney, Civil Division, 555 4th Street, N.W., Washington, D.C. 20530.

_____
Sergiy Kurdyukov, pro se
Reg. No. 83817-079
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

SERGIY KURDYUKOV, )
        Plaintiff, )
Vs. ) Civil Action No. 07-1060 (RBW)
 )
DRUG ENFORCEMENT ADMIN., )
U.S. Department of Justice, )
        Defendant. )

### DECLARATION OF SERGIY KURDYUKOV

I, Sergiy Kurdyukov, hereby make the following Declaration under penalty of perjury, pursuant to Title 28, U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct on the basis of my personal knowledge.

<u>SUMMARY OF ADMINISTRATIVE ACTION</u>

1. By letter dated December 27, 2006, I requested "all records, documents and information [Defendant] has in [his] files pertaining to me or mentioning my name, the Motor Vessel "CHINA BREEZE" registered in Panama, and the Confidential Informant (CI) Nikolaos ZERVOS.

2. I specifically stated:"I am requesting that you abide by the **statutory** time within to make a determination on this request, that being ten (10) working days from your receipt under Section 552(a)(6)(A)(i)."

3. My request was received on January 4th, 2007. Therefore, Plaintiff had until January 18, 2007 to respond to my request.

4. End of January 2007, Plaintiff received a response from Defendant, which was dated January 18, 2007. Defendant's acknowledgement of my request failed to confirm my agreement to pay fees under 28 CFR § 16.3(c), and to provide an assigned request number for further reference, as required by 28 CFR § 16.6(a).

5. Defendant's response also failed to make a determination on my request, and failed to set forth the "unusual circumstances" prescribed by 5 U.S.C. § 552(a)(6)(B)(iii) for an extension and the date on which such determination is expected to be completed, pursuant to 5 U.S.C. § 552(a)(6)(B) and 28 CFR § 16.5(c).

6. Defendant's response asserted that its office was "extremely backlogged" and that I would receive correspondence from them regarding my request "within 30-45 days." However, where the extension is for more than ten working days, Defendant was required to provide Plaintiff with an opportunity either to modify the request so that it may be processed within the time limits or to arrange an alternative time period with period with Plaintiff for processing the request or a modified request, pursuant to 5 U.S.C. § 552(a)(6)(B) and 28 CFR § 16.5(c).

7. Because Defendant chose not to take any timely action honoring or denying the request, the provisions set forth in 5 U.S.C. § 552(a)(6)(B) and 28 CFR §§ 16.5(c) and 16.6(a) were violated. Ipso facto, Sections 16.6(b) [Grants of requests] and 16.6(c) [Adverse determinations of requests] became inapplicable.

8. "When 28 CFR § 16.6(c) [Adverse determinations of requests] is inapplicable, it axiomatically bars Plaintiff to appeal the lack of determination to his request, because 28 CFR § 16.9 provides for an administrative appeal only after there has been an adverse determination by a component.

9. After filing an appeal for denying him access to records and documents to which Plaintiff is entitled under the statutes, Plaintiff filed the complaint in the above captioned action because Defendant's multiple violations of the Statutes and Federal Regulations demonstrate that there is a genuine issue for trial, as corroborated by the following statutes and Regulations:

> Any person making a request to an agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records...See (5 U.S.C. § 552(a)(6)(C)(i))
>
> For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonble progress in reducing its backlog of pending requests.
> See ( 5 U.S.C. § 552(a)(6)(C)(ii))
>
> I delare under the penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

10/24/2007
Date

Sergiy Kurdyukov, pro se
Reg No. 83817-079
FCI Fort Dix
P.O.Box 2000
Fort Dix, NJ 08640

-3-