UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERGIY KURDYUKOV,            )<br>      Plaintiff,    )<br>  v.                                    )<br>            )<br>            )<br>DRUG ENFORCEMENT ADMIN.,    )<br>U.S. Department of Justice,              )<br>            )<br>      Defendant.    )<br>            )<br>_____) | Civil Action No. 07-1060 (RBW)<br>(ECF) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**INTRODUCTION**

  Defendant, United States Department of Justice, Drug Enforcement Administration ("DEA" or the "Agency"), through and by undersigned counsel, hereby submits this Reply in Support of its Motion to Dismiss or in the Alternative for Summary Judgment. First, the Court should deem the Agency's Statement of Material Facts not in Genuine Dispute conceded because Plaintiff has failed to respond, as required by Local Civil Rule 7(h). Accordingly, the Agency's Motion for Summary Judgment should be granted. Additionally, Plaintiff, in his Opposition brief ("Opposition") to DEA's Motion, offers no substantive evidence to rebut the Agency's positions that the Court lacks jurisdiction because he has failed to exhaust his administrative remedies with regard to his requests. See generally, USDC Pacer Doc. No. 14. Accordingly, the Agency is entitled to judgment as a matter of law and this case should be dismissed with prejudice.

## ARGUMENT

I. **The Court Should Grant Summary Judgment Because Plaintiff Has Failed to Comply with LCvR 7(h).**

Defendant requests that the Court treat the Motion for Summary Judgment as conceded pursuant to LCvR 7(h). This rule provides:

> An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this Rule. In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

*See also* Fed. R. Civ. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.")

As the Court of Appeals for this Circuit has recognized, the purpose of Rule 7(h) is to "assist [ ] the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir. 1996). As the court in Jackson indicated, Rule 7(h) exists to help the judge because it "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." Id. at 151. "This circuit has long upheld strict compliance

2

with the district court's local rules on summary judgment when invoked by the district court." Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002).

When a plaintiff fails to refute defendant's Local Rule 7(h) Statement, the Court should "treat as admitted" defendant's facts. Waterhouse v. District of Columbia, 298 F.3d 989, 992 (D.C. Cir. 2002); SEC v. Banner Fund Int'l, 211 F.3d 602, 615 (D.C. Cir.2000); LCvR 7.1(h). Thus, in Twist v. Meese, 854 F.2d 1421 (D.C. Cir. 1988), cert. denied 490 U.S. 1066 (1989), the D.C. Circuit rejected the notion that a district court abuses its discretion in accepting as true the movant's properly supported statement of material facts not in dispute where the opposing party failed to submit a counter statement. *Id*. at 1424. This is particularly true where the case involves additional or aggravating factors on the part of the non-moving party, such as failures to comply with deadlines. Jackson, 101 F.3d at 147-48 (Court did not abuse discretion in denying, after a variety of continuances and the grant of several motions to correct deficiencies, a further request to supplement a statement of material facts in dispute and in striking a deficient statement that lacked citations to the record, depositions, or affidavits).

Here, the Court should treat DEA's Statement of Material Facts Not in Genuine Dispute as conceded and grant summary judgment in its favor. The Agency's opening brief cautioned Plaintiff regarding the consequences of his failure to respond the Statement of Material Facts not in Genuine Dispute. See USDC Pacer Doc. Nos. 11 and 12, Motion at 1-2. Plaintiff's deficient Opposition was filed on October 26, 2007, wholly disregarding both the rules and DEA's note of caution. See generally, USDC Pacer Doc. No. 14. Further, Plaintiff still fails to establish that he has either paid the appropriate fees to process his request, or provide the Agency with the appropriate documents to obtain information regarding the third party in question. Id. Given

3

Plaintiff's failure to refute any of the specific factual assertions the Agency has proffered, the Statement of Material Facts should be treated as conceded, as permitted by LCvR 7(h).  Jackson, Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (D.C. Cir. 1996); Thrace v. Hangman, 151 F. Supp. 2d 54, 58-59 (D.D.C. 2001).

**II.     Dismissal of this Action Is Warranted Because Plaintiff Has Failed to Exhaust the Administrative Remedies Prescribed by the FOIA.**

The Agency incorporates, by reference, all arguments offered in its opening brief. Plaintiff initiated this Freedom of Information Act ("FOIA") action against the DEA, seeking all records concerning himself, the motor vessel China Breeze ("China Breeze"), and a third party, Nikoloas Zervos.  See Compl. p. 6.  Plaintiff states that he "was willing to pay necessary fees . . . " to process his FOIA request.  See Opposition at 2.  But he does not dispute that he has not done so to date.[1]  See Opposition, generally.  He now alleges, however, that the Agency continues to improperly withhold the records he seeks because Plaintiff is not obliged to pay processing fees as " the Defendant failed to *timely confirm* [his] agreement to pay fees . . . ."  Id.  (Emphasis added.)

First, it is unclear what sort of confirmation Plaintiff seeks.  Second, he complains the DEA did not respond to his request within 10 days of the receipt of his request in January 2007, even though the current statute provides for 20 working days.  See Pl.'s Decl. ¶¶ 3-7.  The record shows that DEA responded to his initial letter, dated December 27, 2006 (Little Decl. Exh. A), on January 18, 2007 (Little Decl. Exh. B), but did not make all determinations within the 20 working days.  See 5 U.S.C. §552(a)(6)(A).  However, a response is required only when

---

[1] Alternatively, as Plaintiff acknowledges, he could have exercised the option of reformulating his request.  See Pl.'s Decl. ¶ 6.  He has not done so to date.

there is a perfected request–filed in accordance with agency rules, including a promise to pay. See 5 U.S.C. §552(a)(6)(A)(i). Plaintiff asked for information about himself, but he failed to provide a certificate of identity with his request. See Little Decl. Exh. A. He requested information related to a third party; yet, he failed to provide a release authorization. Id. He requested a fee waiver without providing any information that would qualify him to receive that consideration. Id. Finally, he cited a criminal case docket number which cannot be used by DEA to retrieve records. See Exhibits E and I. Thus, even as of March 29, 2007, his request was not perfected. In his Opposition, Plaintiff does not dispute that his requests were never perfected. See Opposition, generally.[2]

Further, Plaintiff has not appealed to DOJ's Office of Information and Privacy, the Agency's finding that a fee waiver is inapplicable and that additional documentation is necessary to obtain information on third parties. Little Decl. ¶¶ 20-22 and Exh. I. In the final analysis, until Plaintiff has paid the appropriate search fees for his requests regarding records pertaining to himself and the motor vessel China Breeze (see 28 C.F.R. § 16.11(i)(4) and 28 C.F.R. § 16.11(a); Little Decl. ¶¶ 19-20), and provided the necessary documents regarding the third party (id. ¶¶ 23-25), he has not exhausted his administrative remedies, thereby depriving the Court of jurisdiction over his FOIA requests. See Oglesby v. United States Dept. of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990); Trueblood v. United States Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996). Accordingly, the DEA is entitled to judgment as a matter of law.

---

[2] The Agency even provided Plaintiff with 60 additional days to pay the appropriate processing fees, via its July 9, 2007 letter. He has not done so. See Little Decl. Exh. H.

## CONCLUSION

For all the foregoing reasons, the Agency's Motion to Dismiss should be granted and Plaintiff's complaint should be dismissed or alternatively, summary judgment should be entered in the Agency's favor.

                Respectfully submitted,

                _____/s/_____
                JEFFREY A. TAYLOR, D.C. Bar No. 498610
                United States Attorney

                _____/s/_____
                RUDOLPH CONTRERAS, D.C. BAR #434122
                Assistant United States Attorney

                _____/s/_____
                MERCEDEH MOMENI
                Assistant United States Attorney
                Civil Division
                555 4th Street, N. W.
                Washington, D.C.  20530
                202-305-4851

Dated: November 8, 2007.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Reply in Support of its Motion to Dismiss or in the Alternative For Summary Judgment; has been made by mailing copies thereof to:

SERGIY KURDYUKOV
83817-079
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

on this 8th day of November, 2007.

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530
202-305-4851