**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SERGIY KURDYUKOV,               :
                                :
            Plaintiff,          :
                                :
      v.                        :          Civil Action No. 07-1060 (RBW)
                                :
DRUG ENFORCEMENT                :
ADMINISTRATION,                 :
                                :
            Defendant.          :

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on the defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment.  Having considered the motion, the plaintiff's opposition,

and the entire record of this case, the Court grants summary judgment for the defendant.

I.  BACKGROUND

In December 2006, the plaintiff submitted a request for information to the Drug

Enforcement Administration ("DEA") under the Freedom of Information Act ("FOIA"), *see* 5

U.S.C. § 552 (2006), regarding the criminal case against him (Crim. No. H-99CR371) in the

United States District Court for the Southern District of Texas, Houston Division.  *See* Compl.,

Exhibit ("Ex.") 2 (December 27, 2006 Freedom of Information/Privacy Act Request).[1]  The

plaintiff's FOIA request sought "all records, documents, and information in [the DEA's] files

pertaining to [the plaintiff] or mentioning [his] name, the Motor Vessel 'CHINA BREEZE'

---

[1]      For ease of reference, the exhibit numbers have been designated by the Court.

registered in Panama, and the Confidential Informant (CI) Nikolaos ZERVOS." *Id.*, Ex. 2 at 1.

In addition, the plaintiff requested that he be provided:

> (1) All documents regarding the date that Mr. Nikolaos ZERVOS commenced his cooperation with the D.E.A. agents.
> (2) The exact remuneration of benefice that Mr. Nikolaos ZERVOS received for his services in [the plaintiff's criminal case].
> (3) All the declaration of Mr. Nikolaos ZERVOS to law enforcement agents regarding [the plaintiff's criminal case].

*Id.* In his request, the plaintiff also asked for "a fee waiver or at least a fee reduction." *Id.*

However, he indicated that if the DEA were to deny "this request foe [sic] waiver[,] [he]

agree[d] to pay the fees for search and duplication while retaining [his] right to appeal" the

decision. *Id.* at 1-2.

The DEA acknowledged in writing on January 18, 2007, its receipt of the plaintiff's

FOIA request. Memorandum of Points and Authorities in Support of Defendant's Motion to

Dismiss or in the Alternative for Summary Judgment ("Def.'s Mot."), Declaration of William C.

Little, Jr. ("Little Decl.") ¶ 14 & Ex. B (January 18, 2007 letter from K.L. Myrick, Chief,

Operations Unit, FOI/Records Management Section, DEA). However, because "the FOIA office

was backlogged," the DEA did not assign the plaintiff's request a number at that time. *Id.* ¶ 14

& Ex. B. Rather, the "DEA informed [him] that a request number would be provided to him

within 30-45 days." *Id.* ¶ 14.

### A. Request Number 07-0491-P

The DEA assigned Request No. 07-0491-P to the portion of the request for information

pertaining to the plaintiff and the CHINA BREEZE. Little Decl. ¶ 17 & Ex. E (March 29, 2007

letter from K.L. Myrick). In addition, the DEA denied the plaintiff's request for a fee waiver.

*Id.*, Ex. E at 2. The plaintiff was advised of his obligation to pay all applicable fees in excess of

$25, in addition to all fees for search time exceeding two hours and 100 pages of duplication that would be provided at no charge.  *Id.*

Upon receipt of a completed Certificate of Identity from the plaintiff, *see id.* ¶ 19, DEA staff conducted a preliminary search for responsive records using the plaintiff's name and M/V CHINA BREEZE as search terms.  *Id.*, Ex. H (July 9, 2007 letter from K.L. Myrick) at 1.  This search identified 22 investigative case files.  The plaintiff was advised that:

> [o]f the 22 investigative case files identified in which [the plaintiff's] name or M/V CHINA BREEZE is mentioned, [the] DEA maintains a Headquarters and a corresponding file in the field.  Each referenced headquarters file takes approximately two (2) hours to hand search.  The fee for search is at the rate of $28.00 per hour.  Therefore, the estimated fee to search 44 DEA investigative files at $20.00 per hour is $3,696.00.  Under Department of Justice (DOJ) Agency Rules contained at 28 CFR § 16.11, [the plaintiff is] required to pay the estimated fee before further work is performed.

*Id.*, Ex. H at 1.  The DEA suggested to the plaintiff alternatives designed to reduce the costs for searching the investigative files.  *Id.*  The plaintiff was offered the option of reformulating his request by, for example, requesting that only the Headquarters or field files be searched.  *Id.* at 1-2.  As to this limitation, he was advised that "[t]o a large extent the records contained in the Headquarters and field files [were] duplicates.  However, there [were] records in the field file copies which [were] not forwarded by the field for inclusion in the Headquarters file."  *Id.* at 2.  Another alternative was for the plaintiff to select for search only "those files in which [he was] the subject/defendant or related files."  *Id.*  Of the three files mentioning the plaintiff by name, he was told that one was designated a "Subject/Defendant" file, which is an "investigative file[]" in which there exists a DEA Personal History Report or a DEA Defendant Disposition Report in which [he was] the 'named' individual, or in which [his] name was used as the file title or

3

subject of the investigation." *Id.*  The plaintiff further was advised that the two other files were

"related" files, which are investigative files in which the plaintiff was mentioned without a

personal history regarding the plaintiff or a disposition report.  *Id.*  "Because of overlap, [the

plaintiff was informed that] 20 files contain[ed] information regarding the M/V CHINA

BREEZE."  *Id.*  A third option plaintiff was told about was for him to select only "the files

established before or after a particular date."  *Id.*

Having denied the plaintiff's request for a waiver of fees, the DEA further advised him

that if it did not receive his payment within 60 days, it would close his case administratively.

Def.'s Mot., Little Decl. ¶ 20 & Ex. H at 2.  Its notice also informed the plaintiff of his right to

appeal this decision pursuant to 28 C.F.R. § 16.9 (2000).[2]  *See id.*, Ex. H at 2.  The plaintiff

neither responded to the DEA's July 9, 2007 letter nor appealed the denial of his request for a fee

waiver.  *Id.* ¶¶ 21-22.

### B.  Request Number 07-0492-F

The DEA separately addressed the portion of the plaintiff's FOIA request for information

pertaining to Nikolaos Zervos.  Little Decl. ¶ 23 & Ex. I (March 20, 2007 letter from K.L.

Myrick).  The DEA neither confirmed nor denied the existence of records responsive to this

request, *id.* ¶ 23, and informed the plaintiff that it would not begin processing the request until he

provided the DEA either proof of Mr. Zervos' death or a notarized privacy waiver from Mr.

Zervos.  *Id.*, Ex. I at 1.  In addition, the DEA requested that the plaintiff provide it with Mr.

Zervos' "complete name, date and place of birth, and social security number" in order "to insure

---

[2]      Under 28 U.S.C. § 16.9 (2000), a FOIA requester may appeal an adverse
determination administratively to the Office of Information and Privacy.

an accurate search of [its] records." *Id.* The plaintiff neither provided the requested information

about Mr. Zervos nor appealed the DEA's initial decision administratively. *Id.* ¶ 25.

## II.  DISCUSSION

### A.  Summary Judgment in a FOIA Case

The Court will grant a motion for summary judgment if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, show that there is no

genuine issue of material fact, and that the moving party is entitled to judgment as a matter of

law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual

assertions in the moving party's affidavits may be accepted as true unless the opposing party

submits his own conflicting affidavits or documentary evidence.  *Neal v. Kelly*, 963 F.2d 453,

456 (D.C. Cir. 1992).  In a FOIA case, the Court may grant summary judgment based on the

information provided in affidavits or declarations when the affidavits or declarations describe

"the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are

not controverted by either contrary evidence in the record nor by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or

declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely

speculative claims about the existence and discoverability of other documents.'"  *SafeCard*

*Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground*

*Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

*B.  Exhaustion of Administrative Remedies*

A plaintiff "may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies." *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir.), *cert. denied*, 516 U.S. 843 (1995).  "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)).  Exhaustion under the FOIA is "a jurisprudential doctrine" rather than a jurisdictional prerequisite. *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C. Cir. 2003).

"Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. United States Dep't of the Army*, 920 F.2d at 66; *see Trueblood v. Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996).  Commencement of a civil action pursuant to the FOIA does not relieve a requester of his obligation to pay any required fees. *See Pollack v. Dep't of Justice*, 49 F.3d at 120.  Here, the DEA notified the plaintiff of the assessment of fees, the denial of his request for a fee waiver, and of his option to appeal this decision.  The plaintiff neither paid the fees nor appealed the DEA's decision.  Similarly, notwithstanding notice of his option to appeal administratively the DEA's refusal to confirm or deny the existence of records pertaining to Nikolaos Zervos, the plaintiff took no action.

The plaintiff argues in response to the motion before the Court that the DEA's failure to respond timely to his FOIA request relieved him of any obligation to exhaust his administrative remedies. *See* Plaintiff's Rebuttal to Defendant's Motion to Dismiss or in the Alternative for

6

Summary Judgment ("Pl.'s Opp'n") at 2-3.  He explains that his FOIA request "specifically

stated" that he "request[ed] that [the DEA] abide by the statutory time within [sic] to make a

determination on this request, that being ten (10) working days from your receipt under Section

552(a)(6)(A)(i)." *Id.*, Attach. ("Kurdyukov Decl.") ¶ 2.  He explains that the DEA received his

request on January 4, 2007, yet failed in its January 18, 2007 initial response to confirm his

agreement to pay fees, to provide a request number as required under 28 C.F.R. § 16.6(a), and to

make a determination as to his request.[3]  *See id.* ¶¶ 4-5.  In addition, the plaintiff states that the

DEA violated both 5 U.S.C. § 552(a)(6)(B) and 28 C.F.R. § 16.5(c) by failing to "provide

Plaintiff with an opportunity to either modify the request so that it maybe processed within the

time limits or to arrange an alternative time period with . . . Plaintiff for processing the request or

a modified request."[4]  *Id.* ¶ 6.  For these reasons, the plaintiff deems inapplicable the provisions

set forth in 5 U.S.C. § 552(a)(6)(B) and 28 CFR §§ 16.5(c), 16.6(a), (c).[5]  *Id.*  And according to

the plaintiff, "[w]hen 28 CFR § 16.6(c) . . . is inapplicable, it axiomatically bars Plaintiff [from]

appeal[ing] the lack of determination to his request, because 28 CFR § 16.9 provides for an

---

[3]     Under 28 C.F.R. § 16.6(a), "[o]n receipt of a request, a component ordinarily
shall send an acknowledgment letter to the requester which shall confirm the requester's
agreement to pay fees . . .  and provide an assigned request number for further reference."

[4]     Under 28 C.F.R. § 16.5(c), if a component cannot comply with the statutory time
limits because of "unusual circumstances," as the term is defined in 5 U.S.C. § 552(a)(6)(B)(iii),
it may extend the time limits and shall notify the requester in writing of those circumstances.
"Where the extension is for more than ten working days, the component shall provide the
requester with an opportunity either to modify the request so that it may be processed within the
time limits or to arrange an alternative time period with the component for processing the request
or a modified request."  *Id.*

[5]     Under 28 C.F.R. § 16.6(c), a component making an adverse determination, such
as a denial of a request for a fee waiver, shall notify the requester in writing of the reasons for
the denial and shall include a statement that the denial may be appealed pursuant to 28 C.F.R. §
16.9.

administrative appeal only after there has been an adverse determination." *Id.* ¶ 8.  In short, the

plaintiff's position is that because the defendant failed to respond fully and in compliance with

the applicable regulations, the plaintiff need not comply with the exhaustion requirement.

The plaintiff's arguments are not persuasive.  An agency's failure to comply with the

FOIA's statutory time limits does not relieve a requester of his obligation to exhaust his

administrative remedies.  *See Jeanes v. United States Dep't of Justice*, 357 F. Supp. 2d 119, 122-

23 (D.D.C. 2004) (rejecting argument that requester "constructively exhausted his administrative

remedies when the agency did not respond to his request within the statutory period, and then

only notified him of the estimated fees for processing his request after he had already filed suit").

An appeal would have afforded the Office of Information and Privacy an opportunity to review

the DEA's denial of the plaintiff's fee waiver request and its refusal to confirm or deny the

existence of responsive records pertaining to Nikolaos Zervos.  If the plaintiff had been

successful on an administrative appeal, the DEA may have reduced or waived the search fees or

may have responded differently with respect to Nikolaos Zervos.  However, by not appealing,

the Office of Information and Privacy was not afforded the opportunity to "correct mistakes

made at lower levels and thereby obviate[] unnecessary judicial review." *Oglesby v. United*

*States Dep't of the Army*, 920 F.2d at 61.  "[T]he policies underlying the exhaustion requirement

would be served by applying the principle here," *Dettman v. United States Dep't of Justice*, 802

F.2d 1472, 1476 n.8 (D.C. Cir. 1986), and therefore the defendant's motion for summary

judgment will be granted.

III.   CONCLUSION

There is no factual dispute as to the plaintiff's nonpayment of the fees necessary to process his FOIA requests and his failure to challenge either the DEA's denial of his fee waiver request or its refusal to confirm or deny the existence of responsive records pertaining to Nikolaos Zervos.  Accordingly, the Court will grant defendant's motion for summary judgment due to the plaintiff's failure to exhaust his administrative remedies before filing this civil action. An Order consistent with this Memorandum Opinion is issued separately on this same date.


_____/s/_____
REGGIE B. WALTON
United States District Judge

Date:   September 25, 2008